1  LARRY M. BAKMAN
   State Bar #88964
2  10100 Santa Monica Blvd., Suite 300
   Los Angeles, California 90067
3  (310) 772-2233  Fax:  (310) 772-2234

4  Attorney for Defendant:
5  Crispin A. Alvidrez Jr.,

6

7              UNITED STATES DISTRICT COURT

8        FOR THE CENTRAL DISTRICT OF CALIFORNIA

9

10  UNITED STATES OF AMERICA,          ) Case No.:  CR 99-83-DOC
                                       )
11                     Plaintiff,      )
                                       )
12    vs.                              ) *EX PARTE* APPLICATION FOR
                                       ) ORDER RELIEVING LARRY M.
13  CRISPIN ALVIDREZ JR.,              ) BAKMAN AS ATTORNEY OF
                                       ) RECORD IN THE INSTANT
14                     Defendant.      ) MATTER; DECLARATION OF
                                       ) LARRY M. BAKMAN
15                                     )
                                       )
16  _____)

17      Counsel of record, Larry M. Bakman hereby makes application to this

18
19  Court for an order relieving Larry M. Bakman as Mr. Alvidrez's attorney in

20  the above-entitled matter.

21

22      This application is based upon the declaration of Larry M. Bakman

23
24  incorporated herein, as well as the previous Court filings of Mr. Alvidrez,

25  filed without the knowledge or consent of Mr. Bakman including but not

26
27  limited to Mr. Alvidrez's motion to recuse David O. Carter, motion

28  requesting hearing on a conflict of interest between the defendant and his

- 1 -

attorney of record dated September 29, 2006, attached hereto as Exhibit 1, and lastly, defendant's motion dated November 22, 2006 requesting the Court for representation under Rules 44, as well as the Sixth and Fourteenth Constitutional Amendments. A copy of this motion is attached hereto as Exhibit 2.

As more fully set forth in counsel's declaration herein, defense counsel is at a loss in understanding what Mr. Alvidrez ultimately wants from counsel. Upon meeting with Mr. Alvidrez on November 14, 2006, counsel was informed that Mr. Alvidrez did not want counsel to proceed with representation, and/or the arguing of defendant's motion to withdraw his previously entered plea of guilty. Mr. Alvidrez indicated his desire to proceed pro per and to proceed with the motion to recuse Judge Carter. The meeting was amicable in nature with counsel indicating his willingness to help out Mr. Alvidrez in any way in the future.

In accordance with Mr. Alvidrez' wishes, counsel prepared a substitution of attorney and sent a letter to Mr. Alvidrez dated November 15, 2006, confirming his request to proceed in propria persona. A copy of said letter is attached hereto as Exhibit 3.

*EX PARTE* APPLICATION

1  Counsel did not receive back a signed substitution of attorney but

2  instead received a copy of defendant's November 22nd motion wherein

3
4  defendant makes a claim that he does not waive representation but alleges

5  various deficiencies in counsel's representation of the defendant and believes

6
7  he should withdraw.

8
9  In the absence of defendant's refusal to execute a substitution of

10  attorney in this matter, counsel believes that the only alternative is for the

11  Court to order counsel relieved from continuing on as defendant's attorney of

12
13  record in this matter.

14
   Dated: January 17, 2007                     Respectfully submitted,
15

16

17

18                                              LARRY M. BAKMAN

19

20

21

22

23

24

25

26

27

28

- 3 -

## DECLARATION OF LARRY M. BAKMAN

I, Larry M. Bakman declare as follows:

1. I am an attorney licensed to practice law before the Courts of the State of California and the State of New York;

2. That I was retained in the above-entitled matter for the sole purpose of preparing and arguing a motion to withdraw Mr. Alvidrez previously entered plea of guilty to the charges alleged against him in this matter;

3. That concurrent with my representation of defendant or immediately thereafter, defendant had filed a motion to recuse David O. Carter, Judge presiding in this matter.

4. That I indicated to Mr. Alvidrez that I would not go forward with said motion and that I expected the same to be withdrawn.

5. It is my recollection that Mr. Alvidrez withdrew said motion in conformity with my request.

6. I thereafter began work on defendant's motion to withdraw his previously entered plea of guilty. I utilized the services of a paralegal to assist in the review of defendant's case materials, research of applicable law, and the ultimate filing of said motion.

7. That shortly before the matter was to be argued, defendant requested that I continue the hearing date in order to further discuss issues pertinent to the motion. One of the issues we discussed was my belief that an argument contained in the motion to withdraw defendant's plea, specifically that Judge Carter had engaged in an inappropriate plea colloquy with defendant, was not

- 4 -

well founded and would need to be excised from the motion. Without voicing any outright disagreement, defendant in open court agreed to waive time in order to have said motion heard in or about late January, 2007, given the Court's approval of said request.

8. That in or about November, my office was served with another motion filed by the defendant seeking to recuse David O. Carter. That this motion was filed without my knowledge or consent.

9. Immediately thereafter I had Mr. Alvidrez brought to the Roybal lockup for an interview and again discussed with him the fact that I would no longer represent him if he continued to file motions without my knowledge and/or consent. Mr. Alvidrez indicated to me for the first time that he believed there was a conflict of interest insomuch as I was unwilling to press the argument regarding Judge Carter's inappropriate comments at the time of the plea colloquy.

10. I was advised by Mr. Alvidrez that he believed he had no choice but to seek to refuse Judge Carter and given the fact that I would not do so, nor continue with the above-stated argument, he would be proceeding in pro per status.

11. That I asked him if he was sure of his decision and he stated to me that he had given it much thought and that he wished to proceed pro per. The meeting ended amicably with my assurance that if the defendant changed his mind I would continue in his matter, either now or in the future.

- 5 -

12. After this meeting I sent Mr. Alvidrez a letter dated November 15, 2006 together with a request that he execute a substitution of attorney given his desire to proceed pro per.

13. I did not receive back a signed substitution of attorney but rather another court filing in pro per by the defendant, informing the Court that defendant believed I did not fulfill my duties to him, and that a conflict of interest between us had occurred.

14. Accordingly, it is clear that defendant does not wish to have me continue in my representation of him. The only remedy for me is to seek relief from this Court by having the Court order me relieved at the defendant's attorney of record.

I declare under penalty of perjury pursuant to the laws of the United States that the foregoing is true and correct. Executed this 17th day of January, 2007 at Los Angeles, California.



LARRY M. BAKMAN

*EX PARTE* APPLICATION

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I declare that I am over the age of 18 and not a party to the within action. My business address is 10100 Santa Monica Boulevard, **Suite 300**, Los Angeles, California 90067.

On January 17, 2007, I served the following documents:  EX PARTE APPLICATION FOR ORDER RELIEVING LARRY M. BAKMAN AS ATTORNEYOF RECORD IN THE INSTANT MATTER; DELCARATION OF LARRY M. BAKMAN; [PROPOSED] ORDER on the interested parties in this action by placing a true copy of each document thereof addressed as follows:

Robert Dugdale
Assistant United States Attorney
United States Attorneys Office
312 N. Spring Street
Los Angeles, CA 90012

Crispin Alvidrez, Jr.
Reg. No. 01169-748
Santa Ana Jail, M-88
P.O. Box 22003
Santa Ana, California 92701-4516

_____ **By Mail.** I caused a sealed envelope with postage thereon fully prepaid to be placed in the United States mail at 10100 Santa Monica Boulevard, Los Angeles, California   90067.

XXXXX **By Electronic Case Filing (ECF)** to the U.S. District Court for the Central District.

_____ **By Facsimile.** I caused said document to be delivered by facsimile transmission to the above addressee(s).

_____ **By Personal Service.** I caused the envelope to be delivered by hand to addressee(s) United States Attorney,

_____ **By Messenger.** By entrusting such envelope to a professional messenger service to effect personal service and delivery.

XXXXX **Federal**        I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____ **State**        I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

I declare under penalty of perjury that the forgoing is true and correct. Executed this 17th day of January 2007, at Los Angeles, California.

_____
SUSAN GIDDINGS